IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ROBERTO ESCOBAR, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | Civil Action No. 18-1933-RGA |
| | : | |
| ROBERT MAY, Warden, and ATTORNEY GENERAL OF THE STATE OF DELAWARE, | : : : | |
| | : | |
| Respondents.[1] | : | |

## MEMORANDUM OPINION

Roberto Escobar. *Pro se* Petitioner.

Kathryn J. Garrison, Deputy Attorney General of the Delaware Department of Justice, Wilmington, Delaware. Attorney for Respondents.

March 2, 2021
Wilmington, Delaware

---

[1] Warden Robert May replaced former Warden Dana Metzger, an original party to this case. *See* Fed. R. Civ. P. 25(d).

/s/ Richard G. Andrews
ANDREWS, UNITED STATES DISTRICT JUDGE:

Petitioner Roberto Escobar is an inmate in custody at the James T. Vaughn Correctional Center in Smyrna, Delaware. Petitioner filed an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 ("Petition"). (D.I. 1) The State sought leave to file a motion to dismiss (D.I. 14), which Petitioner opposed (D.I. 19.). I permitted the filing. Petitioner has not filed a response to the Motion to Dismiss (D.I. 23), which is now pending. For the reasons discussed, the Court will grant the State's Motion to Dismiss, and deny the Petition as barred by the limitations period prescribed in 28 U.S.C. § 2244.

**I.    BACKGROUND**

On November 30, 2016, Petitioner pled guilty to continuous sexual abuse of a child. (D.I. 15-7) The victim was Petitioner's niece, and the sexual abuse occurred from the time she was eight years old until she disclosed the abuse at age fourteen. The Superior Court immediately sentenced Petitioner to thirty years of Level V incarceration, suspended after fifteen years for two years of Level III probation. (D.I. 15-8) Petitioner did not file a direct appeal.

On May 16, 2018, Petitioner filed in the Superior Court a motion for postconviction relief pursuant to Delaware Superior Court Criminal Rule 61 ("Rule 61 motion"). (D.I. 15-9) The Superior Court summarily dismissed the Rule 61 motion as untimely on June 5, 2018. (D.I. 15-10) Petitioner appealed, but the Delaware Supreme Court dismissed his appeal as untimely on August 3, 2018. *See Escobar-Arcos v. State*, 192 A.3d 555 (Table), 2018 WL 3738180, at *1 (Del. Aug. 3, 2018).

Petitioner's undated Petition was electronically filed in this Court on December 5, 2018. (D.I. 1) The Petition asserts the following two grounds for relief: (1) actual innocence; (2) Petitioner was "deprived the defense of mitigation evidence" because he was not provided with a

translator, and he did not undergo a competency or mental health evaluation prior to entering his plea; and (3) the guilty plea forms were forged. (D.I. 1; D.I. 10 at 8)

## II.     ONE YEAR STATUTE OF LIMITATIONS

AEDPA prescribes a one-year period of limitations for the filing of habeas petitions by state prisoners, which begins to run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). AEDPA's limitations period is subject to statutory and equitable tolling. *See Holland v. Florida*, 560 U.S. 631 (2010) (equitable tolling); 28 U.S.C. § 2244(d)(2) (statutory tolling).

Petitioner does not assert, and the Court cannot discern, any facts triggering the application of § 2244(d)(1)(B),(C), or (D). Therefore, the one-year period of limitations began to run when Petitioner's conviction became final under § 2244(d)(1)(A). Pursuant to § 2244(d)(1)(A), if a state prisoner does not appeal a state court judgment, the judgment of conviction becomes final, and the statute of limitations begins to run, upon expiration of the time

2

period allowed for seeking direct review. Since Petitioner did not file a direct appeal, his judgment of conviction became final on December 30, 2016, when the time to appeal expired. Applying the one-year limitations period to that date, Petitioner had until January 2, 2018, to timely file a habeas petition.[2] *See Wilson v. Beard*, 426 F.3d 653, 662-64 (3d Cir. 2005) (Fed. R. Civ. P. 6(a) applies to AEDPA's limitations period); *Phlipot v. Johnson*, 2015 WL 1906127, at *3 n. 3 (D. Del. Apr. 27, 2015) (AEDPA's one-year limitations period is calculated according to the anniversary method, *i.e.*, the limitations period expires on the anniversary of the date it began to run). Petitioner, however, did not file the instant Petition until December 5, 2018,[3] which is approximately eleven months after the expiration of the limitations period. Therefore, his habeas Petition is untimely, unless the limitations period can be statutorily or equitably tolled. The Court will discuss each doctrine in turn.

### A. Statutory Tolling

Pursuant to § 2244(d)(2), a properly filed state post-conviction motion tolls AEDPA's limitations period during the time the motion is pending in the state courts, including any post-conviction appeals, provided that the motion was filed and pending before the expiration of AEDPA's limitations period. *See Swartz v. Meyers*, 204 F.3d 417, 420-24 (3d Cir. 2000). The

---

[2]The one-year deadline expired on Saturday, December 30, 2017, and the next weekday was New Year's Day, a federal holiday. Therefore, the deadline extended to Tuesday January 2, 2018. *See* Fed. R. Civ. P. 6(a)(1)(C).

[3]Under the prison mailbox rule, an inmate's pleadings are deemed filed at the moment he delivers the documents to prison officials to be mailed. *See Longenette v. Krusing*, 322 F.3d 758, 761 (3d Cir. 2003). Here, although the Petition is not dated, it was docketed on December 5, 2018, and the "Notice of Electronic Filing" indicates that the "transaction" was filed on December 6, 2018 and entered on December 5, 2018. Given these circumstances, the Court will adopt December 5, 2018 as the date of filing. Nevertheless, as noted by the State, the date of the last state court decision indicated on the Petition is August 3, 2018, and the Petition would still be untimely if the Court adopted this date as the date of filing. (D.I. 23 at 4)

3

limitations period is also tolled for the time during which an appeal from a post-conviction decision could be filed even if the appeal is not eventually filed. *Id*. at 424. However, the limitations period is not tolled during the ninety days a petitioner has to file a petition for a writ of certiorari in the United States Supreme Court regarding a judgment denying a state post-conviction motion. *See Stokes v. Dist. Att'y of Philadelphia*, 247 F.3d 539, 542 (3d Cir. 2001).

The limitations clock in this case started to run on December 31, 2016, and ran without interruption until it expired on January 2, 2018. The Rule 61 motion Petitioner filed on May 16, 2018 does not statutorily toll the limitations period because it was filed after the expiration of the limitations period. Therefore, the instant Petition is time-barred, unless equitable tolling applies.

### B. Equitable Tolling

The one-year limitations period may be tolled for equitable reasons in rare circumstances when the petitioner demonstrates "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland*, 560 U.S. at 649-50. With respect to the diligence inquiry, equitable tolling is not available where the late filing is due to the petitioner's excusable neglect. *Id.* at 651-52. As for the extraordinary circumstance requirement, "the relevant inquiry is not whether the circumstance alleged to be extraordinary is unique to the petitioner, but how severe an obstacle it creates with respect to meeting AEDPA's one-year deadline." *Pabon v. Mahanoy*, 654 F.3d 385, 401 (3d Cir. 2011). Notably, an extraordinary circumstance will only warrant equitable tolling if there is "a causal connection, or nexus, between the extraordinary circumstance [] and the petitioner's failure to file a timely federal petition." *Ross v. Varano*, 712 F.3d 784, 803 (3d Cir. 2013).

Petitioner asserts that the limitations period should be equitably tolled for the following reasons: (1) he had to exhaust state remedies before filing a federal habeas petition; (2) he is not proficient in the English language; (3) he has limited legal knowledge; (4) he had limited access to the law library; (5) he suffers from mental health/competency barriers; and (6) he is actually innocent. (D.I. 1 at 15; D.I.10 at 14-15) For the following reasons, the Court concludes that none of these reasons warrant equitable tolling.

First, the obligation to exercise diligence "does not pertain solely to the filing of the federal habeas petition, rather it is an obligation that exists during the period [the inmate] is exhausting state remedies as well." *LaCava v. Kyler*, 398 F.3d 271, 277 (3d Cir. 2005). In addition, the Supreme Court has explained that "[a] prisoner seeking state postconviction relief might avoid this [exhaustion] predicament ... by filing a 'protective' petition in federal court and asking the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted." *Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005). Petitioner does not explain why he waited at least a year and five months before filing his first Rule 61 motion in the Superior Court, or why he waited until after August 3, 2018 to present the Claims to this Court.

Second, although the Court of Appeals for the Third Circuit has not considered whether a petitioner's lack of proficiency in the English language can act to equitably toll the limitations period, other circuit courts have held that equitable tolling on this ground may be warranted only if the petitioner demonstrates that the language barrier actually affected his ability to file the habeas petition in a timely manner and that he "ma[d]e all reasonable efforts to obtain assistance to mitigate his language deficiency." *Diaz v. Kelly*, 515 F.3d 149, 154 (2d Cir. 2008); *see Mendoza v. Carey*, 449 F.3d 1065, 1069 (9th Cir. 2006); *see also Cobas v. Burgess*, 306 F.3d

5

441, 444 (6th Cir. 2002) (where petitioner's lack of proficiency in English does not prevent access to the courts, the lack of proficiency does not warrant equitable tolling).  Following this reasoning, the Court has denied similar language proficiency arguments in past habeas cases, and concludes that Petitioner's assertion regarding his language difficulties should be denied in this case as well.  *See Sanchez v. Phelps*, 621 F.Supp.2d 183 (D. Del. 2009); *Taylor v. Carroll*, 2004 WL 1151552 (D. Del. May 14, 2004).  Notably, Plaintiff has submitted coherent documents in English in this proceeding and in Petitioner's state court proceedings.  To the extent someone else may have helped Petitioner prepare the documents in this proceeding, Petitioner has not asserted that he was unable to obtain such help prior to the expiration of AEDPA's limitations period.

      Third, a *pro se* petitioner's lack of legal knowledge, or a mistake resulting from the absence of such knowledge, does not constitute an extraordinary circumstance for equitable tolling purposes.  *See LaCava*, 398 F.3d at 276 ("in non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the extraordinary circumstances required for equitable tolling"); *Simpson v. Snyder*, 2002 WL 1000094, at *3 (D. Del. May 14, 2002).

      Fourth, routine aspects of prison life which may create difficulties in filing habeas applications (such as limited access to the law library) do not constitute extraordinary circumstances for equitable tolling purposes.  *See Garrick v. Vaughn*, 2003 WL 22331774, at *4 (E.D. Pa. Sept. 5, 2003).

      Fifth, as for Petitioner's assertion that he suffers from "mental health/competency" barriers, the Court notes that "mental incompetence is not a *per se* reason to toll a statute of

6

limitations. Rather, the alleged mental incompetence must somehow have affected the petitioner's ability to file a timely habeas petition." *Nara v. Frank*, 264 F.3d 310, 320 (3d Cir. 2001), *overruled in part on other grounds by Carey v. Saffold*, 536 U.S. 214 (2002). Although the Third Circuit has not set out specific criteria for determining when a petitioner's incompetence affected his ability to timely file a habeas petition, other courts in this Circuit have considered the following factors when presented with an equitable tolling argument premised on the petitioner's mental incompetency: (1) was the petitioner adjudicated incompetent and, if so, when did the adjudication occur in relation to the habeas statutory period; (2) was the petitioner institutionalized for his mental impairment; (3) has the petitioner handled or assisted in other legal matters which required action during the federal limitations period; and (4) has the petitioner supported his allegations of impairment with extrinsic evidence such as evaluations and/or medications. *See Griffin v. Stickman*, 2004 WL 1821142, at *6 (E.D. Pa. Aug. 11, 2004) (collecting cases). The Court concludes that equitable tolling on this ground is not warranted because Petitioner's cursory and unsupported assertion of mental health/competency issues offers nothing on factors (1), (2), and (4) and therefore does not satisfy these requirements. (*See* D.I. 1; D.I. 10; D.I. 19)

      Sixth, Petitioner's unsupported and conclusory assertion of actual innocence does suffice to equitably toll the statute of limitations, because he does not identify any new or reliable evidence demonstrating his factual innocence. *See McQuiggin v. Perkins*, 569 U.S. 383 (2013) (new evidence must show that it is more likely than not that no reasonable juror would have convicted the petitioner); *Schlup v. Delo*, 513 U.S. 298, 324 (1995).

For all these reasons, the Court concludes that the doctrine of equitable tolling is not available to Petitioner on the facts he has presented. Accordingly, the Court will grant the State's Motion to Dismiss the Petition as time-barred.

### III.     CERTIFICATE OF APPEALABILITY

A district court issuing a final order denying a § 2254 petition must also decide whether to issue a certificate of appealability. *See* 3d Cir. L.A.R. 22.2 (2011); 28 U.S.C. § 2253(c)(2). When a district court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, the court is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Court concludes that the instant Petition is time-barred. In the Court's view, reasonable jurists would not find this conclusion to be debatable. Therefore, the Court will not issue a certificate of appealability.

### IV.     CONCLUSION

For the reasons discussed, the Court will grant the State's Motion to Dismiss and will dismiss the Petition as time-barred.

An appropriate Order will be entered.